J-S33022-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
          Appellee   :
:
          v.   :
:
ALFREDO VILLANUEVA,   :
:
          Appellant   :   No. 1665 EDA 2014

Appeal from the PCRA Order May 9, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0005690-2007

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:           **FILED JUNE 10, 2015**

Alfredo Villanueva ("Villanueva") appeals from the order of court denying and dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2008, Villanueva was convicted, following a jury trial, of aggravated assault, carrying a firearm without a license, possession of a firearm by a minor, reckless endangerment, assault, and possession of an instrument of crime.  The trial court ordered a pre-sentence investigation and mental health evaluation, and scheduled sentencing for April 29, 2008. The day before this hearing, Villanueva filed a motion for extraordinary relief. The trial court continued sentencing until May 7, 2008.  On that date, Villanueva requested a continuance, which the trial court granted.  It deferred sentencing until July 3, 2008, and then again until July 16, 2008.  On July

16, 2008, Villanueva's counsel was unavailable, and so sentencing was rescheduled for August 14, 2008. On that date, the trial court sentenced Villanueva to an aggregate term of five to ten years of incarceration. This Court affirmed Villanueva's judgment of sentence on direct appeal. In August 2011, Villanueva filed a timely *pro se* PCRA petition. Counsel was appointed, and an amended PCRA petition was filed on Villanueva's behalf. On April 11, 2014, the PCRA court sent notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and on May 9, 2014, the PCRA court denied and dismissed Villanueva's PCRA petition.

This appeal follows, in which Villanueva asks whether "the [PCRA court] err[ed] in failing to hold an evidentiary hearing and grant PCRA relief where trial counsel failed to protect [Villanueva's] right to a speedy sentencing under the Rules of Criminal Procedure?" Villanueva's Brief at 8.

We begin by noting that "[i]n reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (internal citation omitted). Additionally, "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record

or other evidence." ***Commonwealth v. Walls***, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations omitted).

The issue that Villanueva contends was meritorious, and therefore deserving of a hearing, is his claim that trial counsel was ineffective for failing to argue that Villanueva's speedy trial rights were violated because he was sentenced beyond the ninety-day timeframe provided in Pa.R.Crim.P. 704. ***See*** Villanueva's Brief at 12-14. Villanueva recognizes that in order to establish a claim of ineffective assistance of counsel he must satisfy a three-pronged test.[1] ***Id.*** at 13 (citing ***Strickland v. Washington***, 104 S.Ct. 2052 (1984) and ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)). However, he does not discuss these factors relative to the facts of his case or offer any substantive analysis of his claim. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. ***See*** Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. ***Commonwealth v. Mulholland***, 702 A.2d 1027, 1034 n.5 (Pa. 1997). Further, this Court will not become counsel for an appellant and develop arguments on an

---

[1] To prove ineffective assistance of his trial counsel, an appellant must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the appellant. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007). The failure to meet any prong of this test requires that the claim be dismissed. ***Id.***

appellant's behalf. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). It was Villanueva's responsibility to provide an adequately developed argument by identifying the factual bases of his claim and providing citation to and discussion of relevant authority in relation to those facts. Because he has failed to do so, we find this issue waived.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015

---

[2] Even if we were not to find this issue waived, we would conclude that it has no merit. The only discernable argument presented is Villanueva's statement that PCRA court erred in finding "the delays were the fault of [Villanueva]" as "there is nothing in the record to warrant such an assumption. As the record … is silent as to the reasons for the delay, an evidentiary hearing was warranted to determine that crucial factor[.]" Villanueva's Brief at 14. He is mistaken. The record contains docket entries dated May 7, 2008, June 25, 2008, July 3, 2008 and July 16, 2008 indicating that the continuances granted on those dates were made at Villanueva's request. Thus, the reasons for these continuances are apparent on the face of the record. We note that he also states that a hearing was required so that he could establish prejudice. Villanueva's Brief at 14. Villanueva does not so much as allege how he was prejudiced, or how a hearing would allow him to establish prejudice. This bald statement does not entitle Villanueva to a hearing. ***See Commonwealth v. Watkins***, 108 A.2d 692, 73 (Pa. 2014).