J-S53009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL ALI MAITLAND, | : | |
| | : | |
| Appellant | : | No. 2075 MDA 2014 |

Appeal from the PCRA Order November 5, 2014,
Court of Common Pleas, York County,
Criminal Division at No. CP-67-CR-0003898-2009

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                         **FILED AUGUST 17, 2015**

Nigel Ali Maitland ("Maitland") appeals from the order of court denying his petition filed pursuant to the Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541 – 9546.  Following our review, we affirm.

The PCRA court aptly summarized the factual and procedural histories underlying this appeal as follows:

> [Maitland's] conviction stems from a shooting incident in the afternoon of May 10, 2009, in the City of York, Pennsylvania.  The victim, [ten-]year[-]old Ciara "CeCe" Savage, was playing on the sidewalk when a shootout erupted; she was struck by a stray bullet and later died. [Maitland] admitted to being at the scene and firing his weapon.  … .
>
> [Maitland was convicted of first-degree murder, conspiracy, and persons not to possess firearms on March 11, 2011.]  On April 26, 2011, the trial [j]udge appointed T. Korey Leslie, Esquire to represent [Maitland].   [After granting two extensions,] [o]n June 27, 2011, Maitland filed his

post-sentence motion arguing that his convictions were against the weight and sufficiency of the evidence[] and that the trial court erred when it denied his pre-sentence request for a change of venire/venue. At the hearing held on August 4, 2011, the trial court denied [Maitland's] motion.

[Maitland] filed [a] timely [n]otice of [a]ppeal to the Superior Court on August 10, 2011. The Superior Court affirmed [his judgment of sentence] on June 19, 2012 … . [Maitland] petitioned the [Pennsylvania] Supreme Court for [a]llowance of [a]ppeal, which was denied on April 26, 2013. He then petitioned the United States Supreme Court for [w]rit of [c]ertiorari, which was denied [on] November 14, 2013.

On February 26, 2014, [Maitland] filed his petition for [p]ost-[c]onviction relief. [The PCRA court] appointed Heather A. Reiner, Esquire, and scheduled a hearing for June 25, 2014. Some testimony was taken on the 25th, but the hearing took longer than expected, so [the PCRA court] scheduled another hearing for July 14, 2014. At the [July 14th] hearing, the [PCRA court] denied [Maitland's] first, second, third, fifth and sixth issues, but reserved decision on [Maitland's] fourth issue, which raised a question regarding trial counsel's failure to impeach two witnesses. [The PCRA court] subsequently denied [Maitland's] fourth issue on November 5, 2014.

PCRA Court Opinion, 2/3/125, at 1-2 (footnote omitted). This timely appeal follows, in which Maitland raises the following four issues for our review:

> 1. Whether the [PCRA] court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that trial counsel was ineffective for failing to timely object to the prosecutor's

references in closing argument to [Maitland's] gang affiliation?

2. Whether the [PCRA] court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that the trial court's curative instruction regarding [Maitland's] gang affiliation and the prosecutor's closing argument was insufficient to prevent prejudice?

3. Whether the [PCRA] court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that trial counsel was ineffective for failing to strike Juror Number [Forty-eight] who felt sorry for the victim and was unsure of whether she could be fair and impartial?

4. Whether the [PCRA] court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that [d]efense counsel was ineffective for withdrawing a Rule 600 motion which had arguable merit and [Maitland] was not in agreement?

Maitland's Brief at 3.

We begin with our standard of review:

In conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). Our review is limited to the evidence of record and the factual findings of the PCRA court. ***Id.*** This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Id.*** Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. ***Id.*** Of course, if the issue pertains to a question of law, "our standard of review is de novo and our scope of review is plenary." ***Id.***

***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015).

Three of Maitland's issues alleged ineffective assistance of trial counsel, and we address those claims first. To prove ineffective assistance of counsel, an appellant must show (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (3) that counsel's ineffectiveness actually prejudiced the appellant. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007). The failure to meet any prong of this test requires that the claim be dismissed. ***Id.***

Maitland first argues that his trial counsel,[1] Vincent Spadafora, Esquire, was ineffective for failing to lodge timely objections to statements the Commonwealth made during its closing argument that Maitland was a gang member. Maitland's Brief at 11-12. At the PCRA hearing, Attorney Spadafora testified that he did not object during the closing argument because he believed that was a logical inference from the evidence the Commonwealth presented,[2] and therefore not objectionable because it was

---

[1] Maitland was first represented by Bruce P. Blocher, Esquire, of the York County Public Defenders Office. Maitland subsequently retained Attorney Spadafora, who in turn enlisted the help of Autumn Walden, Esquire, for trial. Maitland levels claims of ineffectiveness against all three attorneys.

[2] During her closing argument, the district attorney stated that the shooting was caused by "two rival gangs"; that other people involved were members of the Parkway gang; that the event that precipitated the shooting (a bar fight) "started because of gang rivalry"; and characterized the recipient of a

within the latitude allowed parties during closing argument. N.T., 7/14/14, at 8-9.

The PCRA court agreed with Attorney Spadafora and concluded that Maitland failed to establish the first prong of the test for ineffectiveness. N.T., 7/14/14, at 35-35. We find no error with that determination. "[A] prosecutor has considerable latitude during closing arguments and his or her statements are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence." *Commonwealth v. Noel*, 53 A.3d 848, 858 (Pa. Super. 2012), aff'd, 104 A.3d 1156 (Pa. 2014). The Commonwealth's expert in gangs and gang violence was shown a picture of Maitland's tattoo, which says "P-Way." He testified that based on his training and experience, it was "an indication that th[e] individual is involved with the Parkway gang." N.T., 3/9/11 Vol II, at 603-04. The complained-of statements, that Maitland was in a gang or affiliated with gang members, were therefore based on inferences that were reasonably drawn from this evidence. The statements were not objectionable, and therefore, Attorney Spadafora was not ineffective for failing to object to them.

Maitland also argues that Attorney Spadafora and co-counsel, Autumn Walden, Esquire, were ineffective for failing to strike a particular juror, Juror

---

letter that Maitland wrote while in jail as "another Parkway member." N.T., 3/9/11 Vol. II, at 788-89.

Number Forty-eight, for cause because she stated that she had read about the crime and felt sad for the family of the victim. Maitland's Brief at 17. Maitland does not cite, much less discuss, even one authority in support of his position. *See id.* at 17-20. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119(a). It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997). Further, this Court will not become the counsel for an appellant and develop arguments on an appellant's behalf. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). It was Maitland's responsibility to provide an adequately developed argument providing citation to and discussion of relevant authority. Because he has failed to do so, we find this issue waived.

The third allegation of ineffectiveness involves trial counsel's withdrawal of a motion to dismiss filed under Pennsylvania Rule of Criminal Procedure 600 in exchange for the Commonwealth's agreement to not seek the death penalty.[3] Maitland claims that his counsel threatened and bullied Maitland into withdrawing the motion, despite the fact that it had merit. Maitland's Brief at 20. At the PCRA hearing, both Attorney Blocher and

---

[3] Attorney Blocher filed the Rule 600 motion and was initially involved in these negotiations. Attorney Spadafora finalized the agreement and formally withdrew the motion.

Attorney Spadafora testified that when discussing this issue with Maitland, Maitland veritably jumped at the chance to have the death penalty taken off the table and eagerly agreed to withdraw the Rule 600 motion in exchange for the Commonwealth's agreement not to seek the death penalty. N.T., 6/25/14, at 33-34; N.T., 7/14/14, at 6. Although Maitland testified to the contrary, *see* N.T., 6/25/14, at 23, the PCRA court found Attorneys Blocher and Spadafora credible and concluded that there was a reasonable basis for the withdrawal of the Rule 600 motion. PCRA Court Opinion, 2/3/15, at 6.

Maitland disagrees with the PCRA court's determination that Attorneys Blocher and Spadafora were credible. Maitland's Brief at 24 ("The PCRA court erred in assessing credibility in favor of [Maitland's] counsel[.]"). As an appellate court, we may not disturb the lower court's credibility determinations. *Commonwealth v. Paxton*, 821 A.2d 594, 597 (Pa. Super. 2003) ("It is not the role of an appellate court … to pass on the credibility of witnesses or to act as the trier of fact, and an appellate court will not substitute its judgment for that of the fact-finder."). Based upon this credibility determination, which we are bound to accept, we find no error in the PCRA court's conclusion that Maitland failed to prove that there was no reasonable basis for trial counsel's withdraw of the Rule 600 motion. Accordingly, Maitland's claim fails.

Maitland's final claim alleges an error on the part of the trial court; specifically, that a curative instruction the trial court gave to the jury was

inadequate. Maitland's Brief at 14. A prerequisite for relief under the PCRA is that the claim the petition seeks to raise is not previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). A claim is waived for purposes of PCRA review if the petitioner could have raised it on direct appeal but did not. ***Commonwealth v. Rivera***, 108 A.3d 779, 802 (Pa. 2014). Maitland could have raised this claim of trial court error on direct appeal, but he did not. Accordingly, he has waived it and cannot raise it under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015