J-S40005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEANDRE PENNINGTON | |
| Appellant | No. 1746 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014597-2009

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                                     **FILED JULY 22, 2016**

Deandre Pennington appeals from the May 15, 2015 order denying him PCRA relief.  We affirm.

The pertinent facts follow.  On the evening of August 17, 2009, Appellant and four other men chased Jerome Church into a store located at 329 East Somerset Street, Philadelphia.  Once inside the store, the five assailants began to attack the victim.  They punched him, and struck him with a glass bottle and a bedrail.  Appellant and his cohorts then dragged the man into the street, where Appellant stomped on him with his foot.  The entire assault was captured on videotape from surveillance cameras.  Mr. Church was severely injured during the attack.  He was in a coma for nearly

two months, and, when he awoke, his cognitive functioning was significantly impaired.

As a result of this incident, Appellant was charged with attempted murder, aggravated assault, conspiracy, possession of an instrument of crime, simple assault, and reckless endangerment. On August 9, 2010, Appellant tendered an open guilty plea to one count each of aggravated assault and conspiracy, and, in exchange, all the other charges were withdrawn. Appellant had been on house arrest with electronic monitoring, and, after entry of the guilty plea, that arrangement continued. At the time, Appellant was warned that he would be sentenced to twenty to forty years in jail if he did not appear to be sentenced.

Appellant nevertheless removed his monitoring system and absconded. Despite this affront, the sentencing court did not automatically sentence Appellant to the proposed term. It examined the presentence report and asked for corrections, of which there was none. The sentencing court also watched the videotape of the crime. The court reported that, inside the store, Appellant appeared to be the "lead attacker [who was] punching and stomping and kicking" Mr. Church. N.T. Sentencing 9/17/10, at 15. The court also delineated that, outside the store, Appellant continued to "stomp him and [Mr. Church] goes unconscious at that point." *Id*. at 16. The victim's sister had told the district attorney that, after the beating, Mr. Church could no longer engage in a cogent conversation. *Id*. at 20. The

district attorney confirmed that he was not able to converse with the victim due to Mr. Church's mental incapacity. The prosecutor reported to the court that Mr. Church had "severely disabled . . . cognitive function." *Id*. at 21.

The Commonwealth asked that Appellant be sentenced to the statutory maximum. After considering the presentence report, the evidence presented at the hearing, and all the statutory factors outlined in the Sentencing Code, the court imposed a sentence of twenty to forty years imprisonment. *Id*. at 25-27. Appellant did not file a timely post-sentence motion or a direct appeal.

The docket establishes that, on September 30, 2011, Appellant filed a timely *pro se* PCRA petition. A counseled petition was filed on November 13, 2014. Therein, Appellant averred that trial counsel was ineffective for failing to obtain the victim's medical records to establish the degree of injury suffered by him. Appellant claimed that it was unclear whether Mr. Church suffered serious bodily injury, which was necessary to support the elements of aggravated assault. Appellant also averred that the elements of each offense were not explained to him; this averment was refuted by the transcript of the guilty plea colloquy, wherein the elements of both aggravated assault and conspiracy were fully set forth. In the petition, Appellant reserved the right to raise additional claims. Thereafter, counsel filed an amended PCRA petition and raised the position that, due to mental disabilities suffered by Appellant, he was not capable of understanding the

nature and consequences of his plea. Specifically, Appellant purportedly had the mental acuity of a second grader. Appellant argued that trial counsel rendered ineffective assistance by not identifying Appellant's mental issues.

After considering the three issues raised in the two petitions, the PCRA court denied relief. This appeal followed. Appellant raises the following issue:

> 1. Did the trial court make an error of law and thereby violate Appellant's rights of federal due process and equal protection of the laws, when the [PCRA court] denied Appellant's post-conviction relief act petition, seeking relief for trial counsel's aggregate ineffectiveness which prejudiced the outcome of his proceeding and would have substantially differed, when the attorney failed to obtain all pre-trial discovery, investigate the matter, develop any mitigating evidence, misrepresented the quality and nature of plea bargaining, and never ascertained the Appellant's lack of mental capacity?

Appellant's brief at 2.

Initially, we outline our standard of review of a PCRA order.

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Rios**, 591 Pa. 583, 920 A.2d 790, 810 (2007).

**Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

- 4 -

Appellant's averments all relate to his insistence that he received ineffective assistance from trial counsel prior to entry of his guilty plea. In this respect, we observe:

Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, the court must examine whether counsel's decisions had any reasonable basis. . . . To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of [this test, which is known as the] *Strickland/Pierce* test will defeat an ineffectiveness claim.

*Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citations, quotation marks and footnote omitted). Additionally, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted).

Appellant's specific allegations are that plea counsel rendered ineffective assistance in: 1) failing to investigate Appellant's claims of innocence and evidence offered in his defense; 2) neglecting to obtain all the victim's medical records to refute that Mr. Church suffered serious bodily injury; 3) not developing any mitigation evidence to establish that Appellant

had mental disabilities or malfunctions; and 4) misrepresenting the nature of the plea bargain. Appellant's brief at 13-14. In connection with the third position, Appellant suggests that he had a "second grade reading level, attention [deficit] hyperactivity disorder, oppositional defiance disorder, attachment, and choice making disorders," which rendered him unable "to comprehend the complex language contained within his plea agreement." *Id*. at 17. We note that Appellant has waived his assertions that plea counsel was ineffective for not investigating his position that he was innocent and misrepresenting the terms of the plea arrangement to him as they were not raised at any point in the PCRA proceedings. Pa.R.A.P. 302(a).

We thus first address the issue regarding the victim's medical records. Simply put, Appellant never established prejudice due to counsel's failure to obtain these documents. The record establishes that the victim was severely beaten, was rendered unconscious, was in a coma for two months, and suffered brain injury that was so severe that he was unable to communicate effectively. As noted, a PCRA petitioner has the burden of pleading and proving ineffectiveness. Appellant failed to produce any medical records that would have refuted this proof. Hence, there is no basis upon which to find counsel ineffective in this respect.

On appeal, Appellant's second preserved position is that counsel was ineffective for failing to explore his learning disabilities and his mental problems, which interfered with his ability to tender a knowing and voluntary

guilty plea. The law is clear that a defendant has an affirmative duty to truthfully respond to a judge's questions during a guilty plea colloquy. As we have stated:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

**Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa.Super. 2007) (citations omitted).

The plea court asked whether Appellant read, wrote, and understood English, and Appellant responded affirmatively and reported that he had completed the tenth grade. He stated that he was not under the influence of anything that would impair his ability to understanding what was transpiring. The following exchange also occurred:

> THE COURT: Have you ever been treated for a mental illness?
>
> THE DEFENDANT: Say that again.
>
> THE COURT: Have you ever been treated for a mental illness?
>
> THE DEFENDANT: Yes.

- 7 -

THE COURT: What have you been treated for?

THE DEFENDANTS: ADHD.

THE COURT: Are you taking any medication for that?

THE DEFENDANT: No, not anymore.

THE COURT: Anything about that condition or medication you may have ever taken before that would in any way interfere with your ability to either to understand what's going on here or to interfere with your ability to communicate with you attorney?

THE DEFENDANT: No.

N.T. Guilty Plea, 8/9/10, at 6. Additionally, during the entire colloquy, Appellant answered all questions posed of him cogently and appropriately.

Appellant is bound by the statements that he made at the plea hearing, which were that he completed tenth grade, that he understood the proceedings, and that he did not suffer from a mental defect that affected his ability to understand the written and oral plea colloquies. Appellant cannot now claim that he suffered from any condition that prevented him from understanding the plea proceedings, as that claim would contradict his statements at the plea proceeding. Hence, we reject this position.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2016