**COMMONWEALTH of Pennsylvania**

v.

**Dustin Alan MOSER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 2006.

Filed April 4, 2007.

Thomas R. Neil, Berlin, for appellant.

Shawn C. Wagner, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: JOYCE, PANELLA and COLVILLE *, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Dustin Moser, appeals from the judgment of sentence entered on September 15, 2005, by the Honorable Michael A. George, Court of Common Pleas of Adams County. After careful review, we affirm.

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa. Cons.Stat Ann. § 2502(b).

2. Based upon the appointment of new counsel, the trial court found good cause to extend the time period for ruling on post-sentence motions pursuant to Pa.R.Crim.P. 720(B)(3)(b), which states in pertinent part:

   **(B)  Optional Post–Sentence Motion.**
   (3) *Time Limits for Decision on Motion.* The judge shall not vacate sentence pending

¶ 2 On August 2, 2005, Moser entered a guilty plea to the charge of second degree murder,[1] in exchange for a sentence of life imprisonment. On September 15, 2005, Moser was sentenced to a term of life imprisonment. Thereafter, on September 23, 2005, Moser filed post-sentence motions seeking to withdraw his guilty plea. Following a hearing held on November 22, 2005, during which Moser challenged the stewardship of his plea counsel, the trial court appointed new counsel for Moser. Through his newly appointed counsel, Moser subsequently filed an amended post-sentence motion on January 12, 2006.[2] Following a hearing held on February 13, 2006, Moser's post-sentence motions were denied. This timely appeal followed.

¶ 3 We begin by addressing Moser's first argument on appeal, wherein he claims that his plea was unknowingly and involuntarily entered because he was misadvised by counsel. Appellant's Brief, at 4. Specifically, Moser argues that plea counsel told him that "the mandatory life sentence was going to be changed [by the legislature] so that lifers could get out in twenty-five (25) years." Appellant's Brief, at 9. Thus, Moser claims that this false information compelled him to enter his plea. We disagree.

¶ 4 Basic tenets of guilty plea proceedings include the following. "The law does not require that appellant be

decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.
(b) Upon motion of the defendant within the 120–day disposition period, for good cause shown, the judge may grant one 30–day extension for decision on the motion. If the judge fails to decide the motion within the 30–day extension period, the motion shall be deemed denied by operation of law.
Pa.R.Crim.P., Rule 720(B)(3)(b), 42 Pa. Cons. Stat.Ann.

pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1004 (1996) (*en banc*), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997) (quotation omitted).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.... Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea.

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. McCauley,* 797 A.2d 920, 922 (Pa.Super.2001) (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the judge. *Comment,* PA.R.CRIM.P. 590. Moreover, the examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and supplemented by some on-the-record oral examination. *Id.*

¶ 5 In the instant case, the trial court held a hearing to address Moser's claims regarding the denial of his post-sentence motions, during which the trial court credited the following testimony given by Moser's plea counsel:

Our discussion was that if the legislature or the governor ever decides to start letting lifers out, people who commit intentional premeditated murder will not be the first people to be let out, but probably people who committed a life sentence but went because of a legal technicality such as I was in a robbery; I *didn't* mean for anybody to get hurt, but if it is felony murder, so I'm in jail for life, so I'm not the same kind of evil-minded individual that a true first degree murderer is. So we had that discussion.

The second conversation we had involved the idea that if again the legislature ever changed the law. Where the twenty-five years or the specifics come from, I don't know because I was careful, as was Mr. Wagner who also participated in part of the conversation, to make it clear that we weren't aware that there was an imminent passage of any such thing.

I believe there was a reference that the legislature has talked about where there had been proposals made, nothing concrete, but the strategy was since in-

evitably it seemed, except for the rarest of circumstances, [Moser] was going to get a conviction for first or second degree and something else, it seemed like the only back door option was go second degree on the rare hope, that if lifers are ever out, he would be first in line because he wouldn't be a first degree murderer and he wouldn't have a consecutive sentence to serve.

N.T., 02/13/06, at 85–86. Finding this testimony credible, the trial court concluded that the guarantees Moser claimed plea counsel had made to him did not occur. *See* Trial Court Opinion, 04/27/06, at 4.

■ ¶ 6 Upon review, we find no abuse of discretion by the trial court.[3] It is well established that our Court will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder. *See Commonwealth v. O'Bryon*, 820 A.2d 1287, 1290 (Pa.Super.2003) ("[I]t is axiomatic that appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor firsthand") (citation omitted).

¶ 7 In the instant case, we fail to see how the trial court's conclusions were an abuse of discretion. As the fact-finder, the trial court was in the best position to assess the credibility of the witnesses' testimony. Based upon plea counsel's testimony, as well as Moser's own acknowledgment during the plea colloquy that no other promises had been made to him other than representations given to him by the court, *see* N.T. 08/02/05, at 15–16, the trial court was convinced that Moser's plea was voluntarily entered.

¶ 8 Therefore, based upon the trial court's credibility determinations, we agree that the validity of Moser's plea was not compromised by any alleged representations made by plea counsel. Accordingly, as Moser's claim lacks a factual basis, Moser's first issue on appeal must fail.

■ ¶ 9 Moser next challenges the voluntariness of his guilty plea by raising a challenge to the effectiveness of plea counsel.[4] Specifically, Moser claims that plea

---

**3.** We note that, as discussed *infra*, we are permitted to review Moser's claim, that his guilty plea was improperly induced by counsel's allegedly false representation, on direct appeal because the issue was raised before the trial court when it still had jurisdiction, and an evidentiary hearing was held devoted to fully developing Moser's ineffectiveness claim. *See Commonwealth v. Fowler*, 893 A.2d 758, 764–65 (Pa.Super.2006).

Additionally, we note that "[w]hen considering a petition to withdraw a plea submitted to a trial court after sentencing [based on counsel's ineffectiveness], it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Johns*, 812 A.2d 1260, 1262 (Pa.Super.2002) (citation omitted). This standard "dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for exam-

ple, by facilitating entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa.Super.2005) *(en banc), appeal denied*, 585 Pa. 688, 887 A.2d 1241 (2005) (citations omitted).

**4.** Generally, a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *See Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002), *clarified after denial of reargument*, 573 Pa. 141, 821 A.2d 1246 (2003). However, our Supreme Court has subsequently carved out exceptions to the rule announced in *Grant*, allowing this Court to address ineffective assistance of trial counsel claims on direct appeal in certain cases. Namely, our Supreme Court has held that an ineffectiveness claim may be addressed on direct appeal when it was raised in a timely post-sentence motion, developed at a hearing "devoted to the ineffectiveness claims," and ruled upon by the trial court. *See Commonwealth v. Bomar*, 573 Pa. 426, 464–65, 826 A.2d 831, 853–54

counsel failed to investigate a witness possessing allegedly exculpatory evidence, and that plea counsel's ineffectiveness rendered his guilty plea unknowing and involuntary.

■ ¶ 10 It is well settled in this Commonwealth that counsel is presumed effective and as such, Moser bears the burden of establishing his claim that his trial counsel was ineffective. *See Commonwealth v. Hall*, 549 Pa. 269, 290, 701 A.2d 190, 200–201 (1997), *cert. denied*, 523 U.S. 1082, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998). Specifically, to prove ineffective assistance of his trial counsel, Moser must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate Moser's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced Moser. *See Commonwealth v. Snyder*, 870 A.2d 336, 345 (Pa.Super.2005). Failure to satisfy any prong of the test requires that the claim be dismissed. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa.Super.2004), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004).

■ ¶ 11 "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa.Super.2006) (quotation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, 'the voluntariness of the plea depends on whether counsel's advice was

within the range of competence demanded of attorneys in criminal cases.'" *Id.* (citations and quotations omitted).

¶ 12 When reviewing a claim that counsel was ineffective for failing to call a witness, we note that,

[a] failure to call a witness is not per se ineffective assistance of counsel as such decision generally involves a matter of trial strategy. To establish a claim that counsel was ineffective for failing to call a witness, a defendant must establish that the witness existed and was available, that counsel was informed of the witness's existence, that the witness was ready and willing to testify and that the absence of the witness prejudiced the defendant to a point where the defendant was denied a fair trial.

*Lauro*, 819 A.2d at 105 (citations and quotations omitted).

■ ¶ 13 In the present case, Moser identifies Christopher Brady and Jessica Miller as the witnesses possessing exculpatory evidence. During the hearing, plea counsel credibly testified that he had, in fact, been provided with the names of the witnesses, but had declined to call the witnesses to testify because their testimony would have contradicted the description of the incident given by Moser. N.T., 02/13/06, at 78–79. Thus, plea counsel testified that he doubted the veracity of the witnesses and feared that allowing the witnesses to testify would, in effect, be tantamount to suborning perjury. *Id.*, at 79. The trial court specifically found the testimony of trial counsel to be credible. Trial Court Opinion, 04/27/06, at 8.

■ ¶ 14 We fail to see how Moser can claim that his plea was involuntary be-

---

(2003), *cert. denied*, 540 U.S. 1115, 124 S.Ct. 1053, 157 L.Ed.2d 906 (2004). Because Moser filed timely post-sentence motions challenging the effectiveness of trial counsel and

the trial court conducted a hearing devoted to the ineffectiveness claims, and subsequently ruled upon the claim, we are permitted to address Moser's issues on direct appeal.

cause of plea counsel's decision to not call the potential witnesses to testify. Moser read, completed, and signed an extensive written guilty plea form which was made part of the record. N.T., 02/13/06, at 83; Guilty/Nolo Contendere Plea Colloquy, 08/02/05. On the form, Moser indicated that he understood the nature of the charges to which he pled guilty, that there was a factual basis for the plea, and that plea counsel had exhausted all possible leads to locate witnesses or evidence. *Id.* Moreover, during an on-therecord oral examination, the following exchange occurred:

> THE COURT: [Y]ou indicated that your attorney had done everything that you asked him to do. Does that remain true today?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: Any witnesses that you thought he should talk to, he has exercised to the best of his ability to speak to those witnesses, is that correct?
>
> THE DEFENDANT: He's done everything that I asked him to and talked to everybody I asked him to talk to, Your Honor.

Guilty Plea Colloquy, 08/02/05, at 16. Moser cannot now recant his representations made under oath to the court. Clearly, as an officer of the court, plea counsel had a reasonable basis for not pursuing evidence that he believed to be false or manufactured. *Commonwealth v. Jermyn*, 533 Pa. 194, 199–200, 620 A.2d 1128, 1131 (1993), *cert. denied*, 510 U.S. 1049, 114 S.Ct. 703, 126 L.Ed.2d 669 (1994). Counsel cannot therefore be deemed ineffective for failing to pursue evidence lacking in trustworthiness or corroborating circumstances.[5] Therefore, in

examining the totality of the circumstances surrounding the plea, we find that Moser was not prejudiced by plea counsel's failure to further investigate the potential witnesses, and thus find no factual basis to support Moser's claim that his guilty plea was unknowingly and involuntarily made.

¶ 15 Judgment of sentence affirmed. Jurisdiction relinquished.

---

**5.** To the contrary, plea counsel should be commended for the ethical performance as