J-S53009-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ROSCOE SHIPLEY, | : | |
| | : | |
| Appellant | : | No. 1650 WDA 2013 |

Appeal from the PCRA Order September 25, 2013,
Court of Common Pleas, Cambria County,
Criminal Division at No. CP-11-CR-0002077-2010

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　　　**FILED AUGUST 26, 2014**

John Roscoe Shipley ("Shipley") appeals from the order of court denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Following our review, we affirm.

We begin with a brief recitation of the facts, as summarized by this Court in our decision disposing of Shipley's direct appeal:

> On September 10, 2010, Jeremy Werzyn ('[] Werzyn') returned home with his wife to pick up a loaf of bread while she remained in the car.  N.T., 6/16/11, at 4.  As he entered his house, he observed an intruder carrying a white box that was later identified as a computer gaming module (a Wii).  *Id.* at 38.  [] Werzyn chased the intruder out of the house and engaged in a brief struggle with him on the outdoor deck before he ran away.  *Id.*  Amber Werzyn ('Ms. Werzyn'), [] Werzyn's wife, called 911 after observing an intruder flee the house with her husband following behind him.  *Id.* at 74.  [] Werzyn described the intruder as late fifties, grayish hair,

*Retired Senior Judge assigned to the Superior Court.

gray sweatshirt, blue jeans and tennis shoes. ***Id.*** at 41.

Denise Peel ('Peel'), Ms. Werzyn's mother, arrived at the home soon after receiving a call from Ms. Werzyn about the intruder. ***Id.*** at 89. Peel then began to move in the direction in which Ms. Werzyn told her the intruder had fled. ***Id.*** at 89. She soon came upon a man in a car attempting to turn around in the street, at which time she stopped him and asked if he had seen anyone. ***Id.*** at 91. She then went back to her daughter's house, and informed the police about her encounter with the man in the automobile, including a description of his appearance, his car, and his license plate number. ***Id.*** at 93.

A police officer in a neighboring municipality soon stopped a vehicle with the license plate number and physical description provided by Peel. ***Id.*** at 105. The police called [] Werzyn and asked him to come to the scene of the vehicle stop (about a mile and a half to two miles from his home). ***Id.*** at 47. [] Werzyn immediately did so and, upon arrival, identified Shipley as the intruder. ***Id.*** at 48. Later in the evening after Shipley's arrest, Peel arrived at the police station and, at an officer's request, had her look through a window at Shipley in his cell. ***Id.*** at 93-94. She identified Shipley as the man she had seen and talked to earlier that evening. ***Id.***

***Commonwealth v. Shipley***, 48 A.3d 481 (Pa. Super. 2012) (unpublished memorandum).

Shipley was convicted of burglary, criminal trespass, driving under the influence, loitering and prowling at nighttime, and criminal mischief. He was sentenced to an aggregate term of seven and three-quarters to 15½ years of incarceration. This Court affirmed his judgment of sentence on direct appeal. After his petition for allowance of appeal to the Pennsylvania

Supreme Court was denied, Shipley filed a *pro se* PCRA petition. Counsel was appointed, but he did not file an amended petition on Shipley's behalf. Following a hearing, the trial court denied Shipley's PCRA petition. This timely appeal followed.

We begin with our standard of review:

> Our review of a PCRA court's grant or denial of relief is limited to examining whether the court's determination is supported by the evidence and whether it is free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. The findings of a post-conviction court will not be disturbed unless they have no support in the record.

***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (internal citations omitted).

Shipley raises two claims on appeal, both of which claim ineffective assistance of trial counsel. To prove ineffective assistance of his trial counsel, an appellant must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the appellant. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007). The failure to meet any prong of this test requires that the claim be dismissed. ***Id.***

In his first issue, Shipley claims that trial counsel was ineffective for failing to raise a particular issue in the trial court and thereby preserve it for

- 3 -

direct appeal. Specifically, Shipley argues that trial counsel should have challenged the constitutionality of an "in-station identification" of him by Werzyn that occurred after Shipley's arrest. Appellant's Brief at 5.

To properly understand Shipley's claim, some further background is necessary. On the night of the burglary, after making the roadside identification of Shipley mentioned in the recitation of the facts above, Werzyn went to the police station to give a statement. Shipley alleges that while he was in a holding room in the police station, a Detective Musulin opened the door, put Werzyn in front of Shipley and asked Shipley if Werzyn was Shipley's friend Mike. N.T., 8/21/13, at 9-10. According to Shipley, when he responded in the negative, the detective said, "You're fucking right it ain't," slammed the door and left. *Id.* at 10.

Shipley argues that this interaction, which he characterizes as an identification of Shipley by Werzyn, was highly suggestive and that trial counsel was ineffective for not questioning Werzyn about this occurrence because "failing to elicit testimony as to the existence of the second identification, and the need for that identification, prejudiced [Shipley] in that the level of certainty of [] Werzyn at the street identification was not called into question." Appellant's Brief at 7.

The PCRA court dismissed this claim upon finding that that there is no evidence of record to support Shipley's claim that this alleged "identification" occurred, and therefore that there is no merit to this claim. *See* PCRA Court

Opinion, 9/25/13, at 2-4. We agree. The events as alleged by Shipley fail to establish that Werzyn made an identification at the police station at all; rather, they establish only that **Shipley** was asked a question about **Werzyn's** identity. Shipley conjectures that perhaps Werzyn doubted his roadside identification and asked to see Shipley again; however, there is absolutely no evidence to support this claim.[1] To be entitled to relief under the PCRA, "the petitioner must plead and prove by a preponderance of the evidence" the facts underlying his claim. 42 Pa.C.S.A. § 9543. Shipley has failed to prove the facts underlying this claim, and therefore failed to establish that it has merit.

In his second issue, Shipley argues that trial counsel was ineffective for failing to impeach Werzyn's credibility with proof of certain convictions. Appellant's Brief at 10. To put this claim in context, we note that at trial, Werzyn identified Shipley as the man he encountered in his kitchen. N.T., 7/6/11, at 41. On cross-examination, trial counsel sought to impeach Werzyn's credibility by introducing evidence of his *crimen falsi* convictions, and to that end, he introduced evidence of Werzyn's convictions of theft, receiving stolen property, and conspiracy to commit access device fraud. *Id.* at 61-64. Shipley testified in his own defense, claiming that he was on the deck of Werzyn's house on the night in question, but only because he

---

[1] Of note, Shipley did not call Detective Musulin to testify at the PCRA hearing.

thought it was the home of his friends, Erica and Mike. *Id.* at 198-99. He also called a man he met in prison, Joseph Bittner, to testify that Werzyn has a poor reputation for truthfulness in the community. *Id.* at 186; N.T., 8/21/13, at 16, 61. Following Bittner's testimony, the Commonwealth recalled Werzyn in rebuttal. Werzyn testified that had never met Bittner or the people Bittner claimed they knew in common. *Id.* at 222-23. Shipley claims that this testimony opened the door for evidence of Werzyn's simple assault and disorderly conduct convictions, because evidence of these convictions would have further attacked Werzyn's credibility. Appellant's Brief at 10. We disagree.

Generally, "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness." Pa.R.E. 608. Shipley called Bittner to offer precisely this type of testimony. In response to Werzyn's rebuttal testimony, Shipley sought to offer evidence of these two criminal convictions as a means of impeaching Werzyn's credibility (which he had already thoroughly impeached when Werzyn testified during the Commonwealth's case in chief). The use of criminal convictions to impeach a witness's credibility is limited to convictions of crimes involving dishonestly or false statements. Pa.R.E. 609(a)("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime … must be admitted if it involved dishonesty or false statement."). The convictions

Shipley sought to introduce were for assault and disorderly conduct, which do not involve dishonestly or false statements.[2] Accordingly, they were not proper impeachment material.

Furthermore, with regard to Shipley's claim that Werzyn "opened the door" for the admission of these convictions by "essentially testif[ying] that everything … Mr. Bittner said [about Werzyn] was not true," Appellant's Brief at 10, we also disagree. "A litigant opens the door to [otherwise] inadmissible evidence by presenting proof that creates a false impression [that may be] refuted by the otherwise prohibited evidence." **Commonwealth v. Nypaver**, 69 A.3d 708, 716 (Pa. Super. 2013). In this instance, Werzyn disputed Bittner's testimony regarding Bittner's knowledge of Werzyn's or his reputation in the community for truthfulness. None of Werzyn's testimony created an 'impression" that could be refuted by evidence of the two convictions at issue. Thus, we find no error in the trial court's determination that Werzyn did not open the door for the admission of these convictions, and therefore that there was no merit to this issue. PCRA Court Opinion, 9/25/13, at 4.

Order affirmed.

Platt, J. concurs in the result.

---

[2] **See** 18 Pa.C.S.A. §§ 2701(a), 5503(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014