J. S15043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER CABAN, | : | No. 1820 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 9, 2016,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000716-2015

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 28, 2017**

Christopher Caban appeals from the March 9, 2016 judgment of sentence entered in the Court of Common Pleas of Chester County after he pled guilty to one count each of burglary, criminal trespass, attempted burglary, indecent assault, and disorderly conduct.[1]  The trial court imposed an aggregate sentence of 2 to 4 years of imprisonment.  We affirm.

The facts giving rise to appellant's guilty pleas began in the early morning hours of December 28, 2014, when appellant entered an apartment complex located in West Chester Borough, Chester County.  Video surveillance showed appellant attempting to enter various apartments in the complex, but being unable to enter because of locked doors.  Appellant then

---

[1]  18 Pa.C.S.A. §§ 3502(a)(i), 3503(a)(1)(i), 901(a), 3126(a)(1), and 5503(a)(4).

came across an unlocked door and was able to enter unit B-12. The record demonstrates that after appellant entered this unit, he saw a young man sleeping in a bedroom and proceeded to commit a variety of sexual assaults upon that man.

The record also reflects that following imposition of judgment of sentence, appellant filed a timely motion to withdraw his guilty plea. After an evidentiary hearing, the trial court denied the motion. Appellant filed a timely notice of appeal. Appellant then complied with the trial court's order and filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did the trial court abuse its discretion in denying [a]ppellant's motion to withdraw his guilty plea where withdrawal was necessary to correct a manifest injustice?

Appellant's brief at 1.

In reviewing this appeal, we are mindful of the following:

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. []
>
> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal

Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, **inter alia**, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa.Super. 2014) (internal citations and quotations omitted), **appeal denied**, 105 A.3d 736 (Pa. 2014).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he cannot recant the representations he made in court when he entered his guilty plea. **Id.** (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law only requires that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. **See Commonwealth v. Moser**, 921 A.2d 526, 528-529 (Pa.Super. 2007).

Here, appellant contends that he "has established that it would be a manifest injustice to not allow him to go to trial under the specific facts of the case" because "he consistently asserted his innocence," he filed his motion to withdraw 10 days before the actual trial date, there would be no prejudice to the Commonwealth, and because appellant "did not use his guilty plea as a sentence-testing device." (Appellant's brief at page 18.) Appellant misapprehends the law. In the context of a guilty plea, a manifest injustice occurs only where the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. *See Prendes*, 97 A.3d at 352.

Here, the record demonstrates that appellant tendered his plea knowingly, intelligently, voluntarily, and understandingly. Appellant read, completed, and signed an extensive 12-page written guilty plea colloquy, which is part of the certified record. (Notes of testimony, 3/9/16 at Commonwealth's Exhibit "3 PSM.") On that form, appellant affirmed, in writing, among other things, (i) that he admitted to the facts underlying the crimes to which he pled guilty; (ii) that his lawyer explained to him the elements of the offenses to which he pled guilty; (iii) that he understood the charges against him; (iv) that he did not need to enter a guilty plea, but was able to plead not guilty and go to trial; (v) that he had sufficient time to discuss the charges with his lawyer, was satisfied with the advice his lawyer gave him, and was satisfied with his lawyer's representation; (vi) that although he was assisted by counsel, the decision to plead guilty was his and

his alone; and (vii) that he read the entire written colloquy, understood its full meaning, and still wanted to plead guilty. (***Id.***)

The record further reflects that the sentencing court conducted an oral colloquy wherein appellant admitted to the facts underlying his plea. (Notes of testimony, 3/9/16 at 4.) During that colloquy, appellant also affirmed that he went over the written guilty plea colloquy with his attorney, signed the colloquy, and was satisfied with his attorney's representation. (***Id.*** at 4-5.) Appellant denied being under the influence of drugs or alcohol. (***Id.*** at 5.) Appellant acknowledged that he understood the sentencing guideline ranges that he was subject to. (***Id.*** at 8.) He stated that he understood that he could have gone to trial and defended against the charges. (***Id.*** at 10.) The following then took place:

> THE COURT: Basically, when you plead guilty, you're giving up the right to fight the case. Do you understand that?
>
> [APPELLANT]: I do.
>
> THE COURT: Do you want to do that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Is this a knowing and intelligent decision on your behalf?
>
> [APPELLANT]: Yes.
>
> THE COURT: And it's a voluntary decision on your behalf?
>
> [APPELLANT]: Yes.

*Id.*

> THE COURT: Basically, sir, any time you have a guilty plea, you have four grounds that you could possibly appeal on: One would be jurisdiction. In this case, this all happened in West Chester which is in Chester County.
>
> [APPELLANT]: Yes.
>
> THE COURT: Another ground is the sentence that was imposed is illegal. What that means is that these sentences have to be within the boundaries of the statutes. So these fit within those boundaries. So it's legal.
>
> [APPELLANT]: Yes.
>
> THE COURT: The third ground is that your attorney was not competent. Has [your attorney,] Ms. Wilson[,] been competent?
>
> [APPELLANT]: Yes, she is.
>
> THE COURT: The fourth ground is that this plea was involuntary or unknowing. Is this a voluntary plea, sir?
>
> [APPELLANT]: Yes, it's voluntary.
>
> THE COURT: And it's a knowing plea, sir?
>
> [APPELLANT]: Yes.

*Id.* at 14-15.

After thoroughly reviewing the record, we conclude that the totality of the circumstances surrounding appellant's entry of his guilty plea discloses that appellant fully understood the nature and consequences of his plea and that he entered that plea knowingly, intelligently, and voluntarily.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017