J. S02012/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
    v.    :
    :
MICHAEL HAMILTON,    :    No. 1246 EDA 2018
    :
    Appellant    :

Appeal from the Judgment of Sentence, June 24, 2009,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0008274-2007,
CP-51-CR-0009838-2007

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED MARCH 15, 2019**

Michael Hamilton appeals from the June 24, 2009 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he entered an open guilty plea to one count each of robbery and possession of an instrument of crime[1] ("PIC") at Case No CP-51CR-008274-2007 and one count of robbery at Case No. CP-51-CR-0009838-2007 in connection with his commission of multiple armed robberies.  The trial court imposed an aggregate sentence of 8 to 18 years of imprisonment.  We affirm.

The trial court set forth the following procedural history.

> On July 1, 2009, [appellant] filed a ***pro se***
> post-sentence motion, claiming that he pled guilty
> under duress and asked the sentencing court to
> reconsider the sentence imposed  This motion was

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 907(b), respectively.

denied on August 20, 2009. [Appellant] did not file a direct appeal. On February 24, 2010, [appellant] filed a **pro se** PCRA[2] petition, alleging ineffective assistance of counsel for failure to file post-sentence motions and a direct appeal. Emily Cherniak, Esquire was appointed as PCRA counsel on April 1, 2011. On June 28, 2012, PCRA counsel filed an Amended PCRA petition and requested an evidentiary hearing as to whether [appellant] should have his post-sentence motion and appellate rights reinstated **nunc pro tunc**. On August 3, 2017, the Commonwealth filed a Motion to Dismiss, stating that it would agree to an evidentiary hearing regarding the reinstatement of [appellant's] appellate rights but would not agree to reinstatement of [appellant's] post-sentence motion rights as [appellant] had failed to show prejudice. On December 6, 2017, the Honorable Roger F. Gordon sent [appellant] a Notice pursuant to [Pa.R.Crim.P.] 907, indicating that his petition would be dismissed as without merit. On January 12, 2018, the matter was reassigned to this Court for further proceedings.

On March 28, 2018, both parties appeared before this Court and stated that they had reached an agreement to reinstate [appellant's] appellate rights, but not his post-sentence motion rights **nunc pro tunc**. PCRA counsel agreed to remain on appeal. On April 24, 2018, [appellant] filed a Notice of Appeal. On April 25, 2018, he filed an Amended Notice of Appeal. On July 11, 2018, upon receipt of all notes of testimony, this Court ordered that [appellant] file a Concise Statement of Errors Complained of on Appeal [p]ursuant to Pa.R.A.P. 1925(b) and defense counsel did so on July 31, 2018.

Trial court opinion, 8/11/18 at 2-3.

Appellant raises the following issue for our review: "Whether the appellant's guilty plea was not knowingly and voluntarily entered because

---

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

defense counsel misrepresented the nature of the guilty plea to the appellant and the appellant wanted to assert his innocence and have a trial?" (Appellant's brief at 5; full capitalization omitted).

In reviewing this appeal, we are mindful that:

> after the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. . . .
>
> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa.Super. 2014) (internal citations and quotations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he cannot recant the representations he made in court when he entered his guilty plea. ***Id.*** (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law only requires that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. ***See Commonwealth v. Moser***, 921 A.2d 526, 528-529 (Pa.Super. 2007).

Here, appellant contends that "defense counsel misrepresented the nature of his guilty plea, claiming that defense counsel[] told him he had negotiated a 5 to 10 year sentence and had one of [appellant's] friends meet with [appellant] to talk him into it." (Appellant's brief at 11-12.)

Contrary to appellant's contention, the record demonstrates that appellant tendered his pleas knowingly, intelligently, voluntarily, and understandingly. Appellant read, completed, and signed a four-page written guilty plea colloquy for the crimes to which he pled guilty in both cases, which are part of the certified record. (Written guilty plea colloquies, 6/24/09.) On those two separate colloquies, appellant affirmed, in writing, among other things, (i) that he committed the crimes to which he pled guilty; (ii) that his lawyer explained to him the elements of the offenses to which he pled guilty

and that the Commonwealth must prove those elements beyond a reasonable doubt in order to obtain a conviction; (iii) that appellant knew that he could go to jail for up to 22½ to 45 years for the crimes he committed; (iv) that appellant did not need to enter a guilty plea, but was able to plead not guilty and go to trial; (v) that appellant had sufficient time to discuss his cases with his lawyer and was satisfied with his lawyer's advice and services; (vi) that although he was assisted by counsel, the final decision to plead guilty was his and his alone; and (vii) that he read the colloquies, or they were read to him, and that he understood the colloquies.  (*Id.*)

The record further reflects that at the beginning of the oral guilty plea colloquy, the trial court took a great deal of time not only to explain to appellant his options – jury trial, bench trial, or entry of a negotiated or open plea – but to describe those options, as well as their potential ramifications, in detail.  (Notes of testimony, 6/24/09 at 6-14.)  After the trial court did so, appellant expressed his desire to attempt to negotiate a plea, and the trial court recessed the proceedings so the parties could speak privately as they saw fit.  (*Id.* at 14-15.)

When the proceedings reconvened, the record reflects that appellant agreed to enter an open guilty plea to two counts of robbery and one count of PIC in exchange for the Commonwealth's *nolle prossing* the remaining

charges.[3] (*Id.* at 15-17, 19.) During that colloquy, appellant affirmed that he understood the written guilty plea colloquies; that he went over them with his attorney; that he was satisfied with his attorney's representation; and that the signatures on the forms were his own. (*Id.* at 19-21.) Appellant further affirmed that no one in any way forced or coerced him to enter a guilty plea on either case. (*Id.* at 21.) Appellant denied being under the influence or suffering from any mental illness and acknowledged his understanding of the maximum sentences he faced. (*Id.* at 21-23.) After the Commonwealth read the facts underlying the charges, appellant admitted to the factual basis of the charges and entered his open pleas. (*Id.* at 27-30.)

After thoroughly reviewing the record, we conclude that the totality of the circumstances surrounding appellant's entry of his guilty pleas demonstrates that appellant fully understood the nature and consequences of his pleas and that he entered the pleas knowingly, intelligently, voluntarily, and understandingly.

Judgment of sentence affirmed.

---

[3] The remaining charges included criminal conspiracy, in violation of 18 Pa.C.S.A. § 903(a)(1), graded as a first-degree felony; aggravated assault in violation of 18 Pa.C.S.A. § 2702(a), graded as a first-degree felony; firearms not to be carried without a license, in violation of 18 Pa.C.S.A. § 6105(a)(1), graded as a third-degree felony; together with six misdemeanor charges. (Criminal information, CP-51-CR-0009383-2007, 9/4/07.)

J. S02012/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19