J-S45037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY SUTTON | : | |
| | : | |
| Appellant | : | No. 2498 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0009145-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY SUTTON | : | |
| | : | |
| Appellant | : | No. 2499 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0001710-2020

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 22, 2023**

Cory Sutton (Appellant) appeals from the judgment of sentence imposed after he entered a negotiated guilty plea to two counts of strangulation and one count of retaliation against a victim.[1]

The Commonwealth summarized the following facts at the plea hearing:

---

[1] 18 Pa.C.S.A. §§ 2718 and 4953.

[O]n November 22, 2019, at about ten o'clock p.m.[, Appellant] came to the complainant's home on the 1300 block of Gilham Street. The complainant had asked [Appellant] to come over to get his belongings. They were in a romantic relationship at the time. [Appellant] came to the 1300 block of Gilham Street, ran at the complainant, put his hands around her neck and impeded her breathing.

After this incident … the complainant obtained a protection from abuse order, which was numbered 1911B7864. A protection from abuse hearing was scheduled at Philadelphia Family Court for November 26, 2019. [Appellant] and the complainant were both aware of that hearing.

[O]n November 26, 2019, at about nine o'clock in the morning at 15th and Cherry Streets here in the city and county of Philadelphia outside of Family Court the complainant parked her vehicle and was approaching Family Court when she was approached by [Appellant], who again put his hands around her neck, impeded her breathing, and stated to her, so this is what we're doing.

N.T., 8/18/21, at 11.

The Commonwealth charged Appellant with strangulation as to the November 22, 2019, incident (CP-51-CR-0009145-2019), and strangulation and retaliation relating to November 26, 2019, incident (CP-51-CR-0001710-2020). The trial court consolidated the cases on November 13, 2020. *See* Order, 11/13/20 (stating cases were consolidated "by agreement and the [trial c]ourt's ruling").

The trial court explained:

On August 18, 2021, [Appellant] appeared with Plea Counsel before th[e trial c]ourt to enter into a negotiated guilty plea. [Appellant] completed the written colloquy forms … and engaged in a lengthy oral colloquy with the [trial c]ourt.

- 2 -

\*\*\*

The Commonwealth then put on the record the facts, establishing the offenses underlying the guilty plea. NT 8/18/21 at 11-12. After hearing the Commonwealth's facts, the [trial c]ourt asked, "Are those the facts [on] which you're basing the guilty plea?" to which [Appellant] responded, "Yes." The [trial c]ourt then stated, "I do find a factual basis for the guilty plea has been established. I'm satisfied [Appellant's] decision to plead guilty is knowing, intelligent, and voluntary. I will accept this plea." NT 8/18/21 at 12. [Appellant] then entered pleas of guilty to the three charges contained in two separate dockets. NT 8/18/21 at 13.

[Appellant] waived a pre-sentence investigation report, and the parties agreed to move forward to sentencing immediately. *Id.* The Complainant appeared and gave a victim impact statement[;] the statutory sentencing guidelines were placed on the record[;] Defense counsel spoke on [Appellant's] behalf[;] and when informed of his right of allocution, [Appellant] waived his opportunity to make any statement on his own behalf. NT 8/18/21 at 17-18. [The trial court sentenced Appellant to an aggregate 5 – 10 years in prison.]

Eight (8) days later, on August 26, 2021, [Appellant], through new counsel, filed a motion to withdraw his guilty plea, alleging that his plea was not knowing, intelligent, and voluntary, due to coercion when Plea Counsel informed [Appellant] that "she would need to withdraw from the case if it went to trial, as prior counsel was mentioned in a text message between the complainant and [Appellant's] brother, which was shown to prior counsel by the assigned prosecutor, and the text was going to be part of the evidence in the case."

A hearing was held on [Appellant's] motion on November 19, 2021, during which [Appellant] testified on the morning of his guilty plea, Plea Counsel came to see him after having conferenced with the Commonwealth, and explained that there was evidence that implicated both [Appellant's] mother and brother in illegal third-party communications with Complainant, as well as text messages that mentioned Plea Counsel, and therefore created a conflict of interest, requiring counsel to withdraw from the case. NT 11/19/21 at 6-8. [Appellant] said, "so that's when she said I should just take the deal. That's the best deal that I

- 3 -

could take." NT 11/19/21 at 7-8. After hearing [Appellant's] testimony and Counsel's argument, the [c]ourt ruled:

> All right. I have reviewed the petition. As counsel stated earlier, everything in his written motion is adopted as oral argument. As counsel notes in this, there needs to be a pretty extraordinary bar to withdraw a guilty plea after the sentence, which is [ ] manifest injustice.
>
> Given the fact that he was colloquied on the record, he was sworn, I asked him if he was doing this knowingly, intelligently, and voluntarily, which is the whole purpose of the plea. And the fact that there's no (inaudible) claim of innocence anywhere in this motion, which is what's normally looked at to have something withdrawn before sentencing, I'm going to deny counsel's motion to withdraw the guilty plea. The sentence is to stand.

N.T. 11/19/21 at 15-16.

> On December 1, 2021, [Appellant] filed a timely notice of appeal. Th[e trial c]ourt ordered [Appellant] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b) on December 3, 2021. On December 20, 2021, Defendant filed a timely 1925(b) statement.

Trial Court Opinion, 1/26/22, at 1, 3-4 (citations to exhibits omitted). This

Court consolidated the appeals *sua sponte* on December 27, 2021.

Appellant presents the following question for review:

> Did the lower court err and abuse its discretion in denying [Appellant's] post-sentence motion to withdraw his guilty plea, where he proved that the plea was not knowing and intelligent?

Appellant's Brief at 7.

Appellant argues the trial court erred in denying his motion to withdraw

his plea because "the evidence proved his plea was not knowing or intelligent."

Appellant's Brief at 10. Appellant references his testimony and evidence of recorded phone calls he made "merely hours after he pled and was sentenced." *Id.* at 12. According to Appellant, these recordings "corroborated the testimony revealing that [his] plea was not knowing or intelligent." *Id.* Appellant claims the conversations he had with his counsel "show that plea counsel erroneously advised [Appellant] to enter a plea because otherwise [Appellant's] mother and brother could be in legal jeopardy." *Id.* at 13. Appellant further claims "he pleaded guilty because he thought that he would have to go to trial in one day with an attorney that did not know his cases." *Id.*

The Commonwealth argues the trial court "did not abuse its discretion when it denied [Appellant's] post-sentence motion to withdraw his guilty plea because the thorough colloquy established [his] plea was knowing, intelligent, and voluntary." Commonwealth Brief at 7, 12. The Commonwealth notes that the two phone recordings Appellant relies upon were "one between [Appellant] and his fiancé and the other between [Appellant] and his mother and brother." *Id.* at 4. The Commonwealth asserts,

> even if the trial court believed [Appellant's] unsupported claims that he plead[ed] guilty because his plea attorney told him his brother and mother would get in trouble for illegally contacting the victim and that she (his plea attorney) would not be able to represent him at trial, those facts are of no consequence to the validity of [A]ppellant's plea. He was permitted to accept the plea for any reason he chose. That he was motivated by his attorney's statements do[es] not make his plea unknowing, unintelligent, or involuntary. *See Commonwealth v. Yager*, 685 A.2d 1000 (Pa. Super. 1996) (holding appellant's guilty plea valid when he did so

- 5 -

> in hope of a more lenient sentence); *Commonwealth v. Rodriguez*, 2018 WL 831950 (Pa. Super. 2018) (holding appellant entered his guilty plea voluntarily, intelligently, and knowingly even though appellant claims he plead guilty in hopes that he would be released before his terminally-ill mother died and he was afraid of the how the stress of a trial would impact his mother); *Commonwealth v. Freedman*, 2015 WL 6872607 (Pa. Super. 2015) (holding Appellant's testimony that he plead guilty because he wanted to go home does not invalidate the plea).

Commonwealth Brief at 11-12.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (citation omitted). Because "discretionary power can only exist within the framework of the law," a trial court must exercise discretion "on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action." *Id.* (citation omitted). A trial court abuses its discretion when its decision "represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* (citation omitted). Because we recognize the trial court, "[a]s the fact-finder, [is] in the best position to assess the credibility of the witnesses' testimony," we "will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder." *Commonwealth v. Moser*, 921 A.2d 526, 530 (Pa. Super. 2007).

Further, Pennsylvania law presumes a defendant who enters a guilty plea "was aware of what he is doing." *Commonwealth v. Pollard*, 832 A.2d

517, 523 (Pa. Super. 2003). He bears the burden of proving otherwise. *Id.* To prevail on a post-sentence motion to withdraw a guilty plea, a "defendant must demonstrate that manifest injustice would result if the court were to deny [the] motion[.]" ***Kehr***, 180 A.3d at 756-57 (citation omitted). Manifest injustice exists where "the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* at 757 (citation omitted).

Before accepting a plea, the trial court must conduct an on-the-record inquiry to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement. Pa.R.Crim.P. 590(B)(2). In determining a plea's validity, the trial court is not bound to consider only the defendant's testimony at the colloquy; rather, it "must examine the totality of circumstances surrounding the plea." ***Kehr***, 180 A.3d at 757 (citation omitted). This "include[s], but [is] not limited to[,] transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements." ***Commonwealth v. Fears***, 836 A.2d 52, 64 (Pa. 2003).

Mindful of the foregoing law, we discern no error or abuse of discretion by the trial court. The trial court held a hearing in response to Appellant's post-sentence motion to withdraw his plea. Appellant testified that he had not planned to enter a guilty plea. N.T., 11/19/21, at 6. Appellant stated he decided to plead guilty because his counsel at the time told him, "if we go to trial she would have to come off my case, and I won't have her as a lawyer." *Id.* at 8. Appellant also claimed plea counsel told him "I should just take the

deal," and "that's the best deal that I could take." ***Id.*** Appellant averred he "was forced to take the deal." ***Id.*** at 9.

Appellant explained that after he entered his negotiated plea, he called his fiancé and mother. ***Id.*** at 10. He introduced the calls into evidence. ***See id.*** at 11-12. Appellant did not present any other witnesses. After hearing the evidence, the trial court addressed Appellant's counsel, stating:

> I have an assertion from [Appellant, who when he entered his plea], swore under oath when I asked him whether he was being forced to, coerced in any way to plead guilty, he said no.
>
> So … my familiarity is what [Appellant] told me under oath, Counsel. I heard this conversation. Just saying his lawyer said this.

***Id.*** at 13.

The trial court also referenced the law, observing that

> there needs to be a pretty extraordinary bar to withdraw a guilty plea after the sentence, which is the manifest injustice. Given the fact [Appellant] was colloquied on the record, he was sworn, I asked him if he was doing this knowingly, intelligently, and voluntarily, which is the whole purpose of the plea. And the fact that there's no (inaudible) claim of innocence anywhere in this motion, which is what's normally looked at to have something withdrawn before sentencing, I'm going to deny counsel's motion to withdraw the guilty plea.

***Id.*** at 15-16.

Our review reveals no manifest injustice. ***Kehr***, 180 A.3d at 756-57 (petitioner seeking post-sentence withdrawal of guilty plea must demonstrate manifest injustice would result from the court's denial). As trial court reasoned:

The [trial c]ourt's colloquy covered each of the six (6) required elements, at the end of which the [c]ourt concluded [Appellant's] plea was "knowing, intelligent, and voluntary." N.T., 8/18/21 at 12. … Here, [Appellant] has neither alleged innocence, nor any evidence of having been coerced to plead guilty; rather Plea Counsel communicated all the facts available to her to best inform her client of the Commonwealth's evidence against him and recommended to him that his best disposition was by way of [a] negotiated guilty plea. N.T., 11/19/21, at 6-8. Moreover, [Appellant] confirmed both orally and in writing that he understood the terms of his plea agreement, was satisfied with his attorney, and had no further questions before proceeding. **See** Exhibit A [(written colloquy forms)]. Therefore, [Appellant's] issue on appeal is without merit.

Trial Court Opinion, 1/26/22, at 6-7.

Upon review, we discern no error or abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023