J-S35018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT O. BURKE :
:
Appellant : No. 201 MDA 2025

Appeal from the Judgment of Sentence Entered December 26, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001051-2024

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED: OCTOBER 10, 2025**

Robert O. Burke (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of aggravated assault (graded as a second-degree felony).[1] Appellant challenges the trial court's denial of his post-sentence motion to withdraw the guilty plea. After careful review, we affirm.

On February 2, 2024, Appellant was involved in a physical altercation in the City of Lancaster. During the squabble, Appellant stabbed the victim, resulting in lacerations to the victim's neck, cheek, chin, and hand. ***See*** Affidavit of Probable Cause, 2/16/24. Police obtained video footage of the incident, and ultimately identified Appellant as the perpetrator. The

_____

[1] 18 Pa.C.S.A. § 2702(a)(4).

Commonwealth charged Appellant with two counts of aggravated assault, one graded as a first-degree felony and one graded as a second-degree felony.

On December 26, 2024, Appellant pled guilty to one count of second-degree aggravated assault. In exchange, the Commonwealth agreed to *nolle prosse* the first-degree felony charge. Prior to the guilty plea hearing, Appellant completed a written guilty plea colloquy, which he acknowledged on the record. Appellant waived preparation of a pre-sentence investigation and immediately proceeded to sentencing. The trial court sentenced Appellant to 2 to 10 years' incarceration. The trial court also directed Appellant to pay the costs of prosecution and ordered restitution totaling $2,413.39.

Subsequently, Appellant timely filed a post-sentence motion to withdraw his guilty plea. Appellant argued that evidence offered by the Commonwealth during the plea hearing (a still frame photograph taken from surveillance video footage (the photograph)) "was presented out of context and mischaracterized the incident." Post-Sentence Motion, 1/6/25, ¶ 4. Appellant asserted he was prejudiced by the purportedly inaccurate photograph. *Id.*, ¶¶ 2, 5.[2] The trial court denied Appellant's post-sentence motion to withdraw.

_____

[2] Appellant filed a separate, *pro se*, post-sentence motion to withdraw his guilty plea, claiming he "only pled guilty because his counsel guaranteed the mitigat[ed] range of a max county sentence." *Pro Se* Motion to Withdraw, 1/10/25. Because Appellant was represented by counsel at that time, his *pro se* post-sentence motion was a legal nullity. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant now raises the following issue for review: "Did the [trial] court err in denying [Appellant's] post sentence motion to withdraw guilty plea?" Appellant's Brief at 4 (some capitalization modified).

Appellant included the following, limited argument in his brief:

> [Appellant] was not the first aggressor, as evidenced by the Safety Coalition Cameras in Lancaster City. Following the altercation, [Appellant] retreated to his cousin's car and left the scene. [Appellant] has a viable self[-]defense claim and defense that [Appellant] would present before a jury. With the video and complaining witnesses' propensity for violence, as would be demonstrated by the complaining witnesses' prior convictions for violence, [Appellant] has a high likelihood of success at trial. Not permitting [Appellant] to with[]draw his guilty plea and proceed to a jury trial amounts to manifest injustice.

*Id.* at 8-9 (some punctuation modified).

Initially, we observe Appellant's argument is minimally developed. While he recites the standard of review and the standard for post-sentence withdrawal of a guilty plea, Appellant cites no relevant legal authority to support the substance of his claim. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). We could deem Appellant's claim waived on this basis. Nevertheless, we will address Appellant's sole issue.

"We review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (citation omitted). "Discretion is abused when the

course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (citation omitted).

As this Court has explained,

[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 756-57 (citation omitted).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa. Super. 2007) (citation, quotation marks, and brackets omitted).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for

- 4 -

withdrawing the plea that contradict statements he made when he pled.

***Gabra***, 336 A.3d at 1057 (citation omitted); ***see also Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013) ("[A] guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences." (citation and quotation marks omitted)).  Further,

> [a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citing Pa.R.Crim.P. 590, cmt.).

Instantly, Appellant entered an open guilty plea, without any agreement as to the sentence or the Commonwealth's sentencing recommendation. During the guilty plea hearing, Appellant agreed to the factual basis underlying his offense.  N.T., 12/26/24, at 3.  Appellant stated he was satisfied by plea counsel's representation.  ***Id.*** at 4.  Additionally, Appellant confirmed his understanding of the maximum possible prison sentence and fine applicable to his aggravated assault conviction.  ***Id.*** at 3-4.  Appellant also completed a written guilty plea colloquy with the assistance of counsel.  ***See*** Written Guilty Plea Colloquy, 12/14/24; ***see also Gabra***, 336 A.3d at 1057 n.3 ("[W]ritten colloquies may supplement oral colloquies and become part of the totality of the circumstances to be considered in determining whether a guilty plea was knowingly, voluntarily, and intelligently entered.").

Appellant does not challenge the validity of his plea. Indeed, the oral and written guilty plea colloquies demonstrate Appellant entered a knowing, voluntary, and intelligent guilty plea.

Moreover, the parties discussed the photograph during the guilty plea hearing. The prosecutor offered the photograph "just to show the distance between [Appellant and the victim,] and how the victim in this case didn't present an immediate threat such that self-defense would be appropriate." N.T., 12/26/25, at 4-5. Plea counsel later stated his disagreement with the prosecutor's assertion that the photograph was taken before the physical altercation took place. *Id.* at 8. Appellant did not otherwise object to the use of the photograph or request admission of the complete surveillance video. *See* Trial Court Opinion, 4/4/25, at 4 (stating, "Appellant, despite claiming the photograph was taken out of context, continued with his guilty plea and sentencing hearing."). From the notes of testimony, it is apparent that if the trial court considered the photograph, it was for a limited purpose.

Under the totality of the circumstances, we conclude Appellant entered a valid guilty plea. Appellant merely laments his decision to plead guilty rather than proceed to trial under a theory of self-defense. Appellant fails to establish the denial of his post-sentence motion to withdraw his guilty plea resulted in manifest injustice. Discerning no abuse of the trial court's discretion in denying Appellant's post-sentence motion to withdraw, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/10/2025</u>