J-S58028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ZACHARY BLAIR | : | |
| | : | |
| Appellant | : | No. 491 WDA 2018 |

Appeal from the PCRA Order April 2, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015391-2013

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 16, 2018**

Zachary Blair (Appellant) appeals from the order denying his petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant factual and procedural history of this case as follows:

> On June 23, 2016, [Appellant] appeared before [the trial court] to plead guilty pursuant to a negotiated plea agreement. [Appellant] was originally charged in three separate cases and the negotiated plea agreement resolved all three cases. Only two of the cases are germane to this appeal. In one case, [Appellant] was charged with criminal homicide. The Commonwealth was seeking a conviction for first-degree murder and a sentence of death. However, because [Appellant] had previously been convicted of homicide, a conviction of third degree murder would have carried a mandatory life sentence. The second case charged firearm possession which was part of the events giving rise to the homicide charge. The firearm charge was originally included in the same information as the criminal homicide charge but was later severed by [the trial court]. Under the terms of the plea

agreement, [Appellant] agreed to plead guilty to one count of conspiracy to commit third degree murder and the firearm offense. The Commonwealth and [Appellant] both agreed that the appropriate disposition of this case was a state prison sentence of not less than 15 years nor more than 30 years relative to the conspiracy charge. No further penalty was imposed at the firearms count.

PCRA Opinion, 7/5/18, at 1-2.

Appellant did not file post-sentence motions or a direct appeal. On May 23, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition on September 15, 2017. On September 20, 2017, the PCRA court ordered the Commonwealth to file a written response to Appellant's amended PCRA petition. The Commonwealth filed its answer on November 13, 2017. The PCRA court held a hearing on Appellant's PCRA petition on April 2, 2018 and denied Appellant's petition that same day. On April 6, 2018, Appellant filed this appeal. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

1. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE TRIAL COUNSEL THOMAS FARRELL AND PENALTY PHASE COUNSEL MICHAEL MACHEN WERE INEFFECTIVE FOR CAUSING APPELLANT TO ENTER INTO AN INVOLUNTARY, UNKNOWING AND UNINTELLIGENTLY ENTERED GUILTY PLEA SINCE APPELLANT NEVER WANTED TO PLEAD AND WANTED TO PROCEED TO TRIAL, BUT MR. FARRELL TOLD APPELLANT THAT HE WASN'T ABLE TO SUCCESSFULLY TRY THE CASE AND PROCEED TO TRIAL BEFORE A JURY (AND THEREFORE APPELLANT WAS BETTER OFF PLEADING GUILTY) SINCE APPELLANT WAS AFRICAN AMERICAN AND THUGGISH LOOKING AND A CAUCASIAN [*sic*], AND AN ALLEGHENY COUNTY JURY COULD NEVER BE CONVINCED TO ACQUIT HIM OF THE INSTANT CHARGES, BOTH ATTORNEYS TOLD HIM THAT HE COULD HAVE RECEIVED

AT LEAST 20 YEARS IF HIS GUN CASE(S) WERE TRANSFERRED TO FEDERAL COURT JURISDICTION, AND BOTH ATTORNEYS TOLD HIM THAT IF HE PLED ON [JUNE 23, 2016,] THEY WOULD ENSURE THAT THE PLEA AND SENTENCE WOULD BE QUICKLY WITHDRAWN SINCE A MOTION TO WITHDRAW THE PLEA WOULD BE FILED WITHIN 10 DAYS OF THE PLEA, AND IF THE TRIAL COURT WASN'T AVAILABLE TO ENTERTAIN THE MOTION DURING THAT 10 DAY PERIOD, AN APPEAL WOULD BE FILED IN THE SUPERIOR COURT TO HAVE THE PLEA WITHDRAWN. MOREOVER, TRIAL COUNSEL FARRELL FAILED TO ACT TO WITHDRAW THE PLEA AFTER RECEIVING NOTICE, THE DAY AFTER THE PLEA/SENTENCING, THAT APPELLANT WANTED THE PLEA WITHDRAWN?

Appellant's Brief at 3-4.

Preliminarily, we note that in reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" ***Id.***

Here, Appellant's claim challenges plea counsel's effectiveness as it relates to his guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the

result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." *Id.* (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted).

Appellant argues that his guilty plea was not knowing, voluntary, and intelligent because plea counsel was ineffective. Specifically, Appellant contends that "he wanted to proceed to a jury trial and never wanted to plead guilty to any of the instant crimes, but that he was manipulated and coerced into doing so by [t]rial [c]ounsel Thomas Farrell and [p]enalty [p]hase [c]ounsel Michael Machen. . ." Appellant's Brief at 14-15. Appellant asserts that Attorney Farrell and Attorney Machen informed him that if he did not plead guilty, the prosecutor would transfer Appellant's firearm charge to federal court where he would face an additional prison sentence of 25 to 30 years; Attorney Farrell told Appellant that he was not qualified to try the case before a jury; both attorneys promised Appellant that they would withdraw the guilty plea within 10 days; and Attorney Farrell warned Appellant that his

"thuggish" appearance would cause a jury to find him guilty. *Id.* at 15-17. The record does not support Appellant's argument.

Based upon our review of the certified record, including Appellant's written colloquy and the transcripts of his guilty plea and PCRA hearing, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reflects that the trial court informed Appellant of the nature of the charges to which he pled guilty, the factual basis for the plea, his right to trial by jury, the presumption of innocence, the sentences, and that the court was accepting the negotiated sentence. N.T., 6/23/16, at 31-60; Explanation of Defendant's Rights, 6/23/16, at 1-11.

During the PCRA hearing, Attorney Farrell acknowledged that he communicated to Appellant his concerns regarding Appellant's appearance. N.T., 4/2/18, at 45. However, Attorney Farrell explained that he wanted Appellant to make a good impression during jury selection and discussed with Appellant ways to soften his appearance for trial. *Id.* at 45, 57-61. Attorney Farrell testified that the conversations relating to Appellant's appearance were part of trial strategy discussions and not about inducing Appellant to plead guilty. Likewise, both Attorney Farrell and Attorney Machen testified that they discussed the threat of federal prosecution with Appellant. *Id.* at 40-44, 52. Both attorneys explained that these discussions were to ensure that Appellant was fully informed of all the risks of proceeding to trial. *Id.* Both attorneys denied promising Appellant that they would withdraw his guilty plea. *Id.* at

38-39, 52-53. The PCRA court found Attorney Farrell and Attorney Machen's testimony credible. PCRA Court Opinion, 7/5/18, at 4.

Importantly, during the oral colloquy, Appellant indicated that he was not forced into pleading guilty, and that he was satisfied with counsel's representation. *Id.* at 42-45. Appellant acknowledged that he decided to exchange his rights, including the right to defend the charges brought against him, for a favorable sentence of 15 to 30 years of incarceration, where, if convicted following a jury trial, Appellant would have faced a life sentence or possibly the death penalty. *Id.* at 33-36, 40-41. Appellant stated that he understood the ramifications of pleading guilty and that he was entering his plea on his own volition. *Id.* at 44.

By arguing that plea counsel's ineffectiveness forced him to plead guilty, Appellant implies that his responses to the plea colloquies were untruthful. A defendant who elects to plead guilty "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted). "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully." *Id.* Likewise, in cases where a PCRA court passes on witness credibility, its credibility determinations should be provided great deference by reviewing courts. *See, e.g., Commonwealth v. (Damon) Jones*, 912 A.2d 268, 293 (Pa. 2006);

*Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004) (Opinion Announcing the Judgment of the Court) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt.").  For these reasons, we conclude that the PCRA court did not err in denying Appellant's petition seeking post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/2018</u>