J-S74018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     : PENNSYLVANIA
                                     :
            v.                       :
                                     :
                                     :
KEITH NORWOOD                        :
                                     :
            Appellant                : No. 913 EDA 2019

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0016048-2010

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 25, 2020**

Keith Norwood (Appellant) appeals from the order dismissing his petition

filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-

9546. We affirm.

The trial court summarized the relevant facts and procedural history:

> On April 26, 2009, [Appellant] obtained possession of a .38
> caliber handgun owned by the [c]o-[d]efendant, Khayan
> Harris. [Appellant] and the [c]o-defendant approached the
> decedent on his bike at the intersection of 32nd and Morris
> Streets. [Appellant] shot the decedent three times, and the
> [c]o-defendant shot the decedent six times. The decedent
> then began to beg for his life, and the [c]o[-]defendant fired
> one more shot at the decedent's head.
>
> [Trial Court Opinion, 6/24/16, at 1-2 n.1]. [Appellant] was
> subsequently charged with murder-generally and related VUFA
> offenses. On December 29, 2003, [Appellant] entered a
> negotiated guilty plea to the charges of third-degree murder,
> conspiracy, and possessing an instrument of a crime. On the

_____

[*] Former Justice specially assigned to the Superior Court.

same day, the [trial court] sentenced [Appellant] to 20 to 40 years [of] imprisonment on the charge of third-degree murder and 5 to 10 years [of] imprisonment on the charge of conspiracy, to run consecutively. No further penalty was given on the charge of possession of an instrument of crime. No post-sentence motion or notice of appeal was filed.

On October 09, 2013, [Appellant] filed a timely *pro se* PCRA petition. On May 19, 2014, counsel was appointed. On October 21, 2014, [Appellant] filed an amended PCRA petition, in which he claimed that trial counsel failed to protect his post-sentence or direct appeal rights. On January 15, 2015, [the PCRA court] reinstated [Appellant]'s direct appeal rights *nunc pro tunc*, but did not address [Appellant]'s request for post-sentence rights to be reinstated. On January 20, 2015, [Appellant] filed a Notice of Appeal. On January 12, 2017, the Pennsylvania Superior Court affirmed [Appellant]'s judgment of sentence. On June 5, 2017, the Pennsylvania Supreme Court denied [Appellant]'s application for allocatur.

On March 28, 2018, [Appellant] filed a *pro se* PCRA petition in which he claimed that he did not voluntarily enter into his negotiated guilty plea and, therefore, Trial Counsel was ineffective for failing to file a post-sentence motion to withdraw his guilty plea. On July 10, 2018, [counsel] was appointed to represent [Appellant]. On October 23, 2018, [Appellant] filed an amended PCRA petition. On February 4, 2019, [the] Commonwealth filed a motion to dismiss.

On February 5, 2019, the [PCRA court] sent [Appellant] a 907 Notice of Intent to Dismiss. [Appellant] did not file a response to the 907 Notice. On March 4, 2019, following a thorough review of the record, [the PCRA court] dismissed [Appellant]'s PCRA petition for lack of merit. On March 19, 2019, [Appellant] filed a Notice of Appeal.

PCRA Court Opinion, 6/28/19, at 2-3 (footnote omitted).

On appeal, Appellant presents the following issue for review:

Did the [PCRA court] err in dismissing the Post-Conviction Relief Act (PCRA) petition, without a hearing, even though Appellant pled, and would have been able to prove that he was entitled to

relief due to ineffective assistance of trial counsel and should have been allowed to withdraw his guilty plea and go to trial?

Appellant's Brief at 3.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

We begin by recognizing:

> To be eligible for relief under the PCRA, [a PCRA petitioner] must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2) (establishing the bases for relief). These circumstances include . . . ineffective assistance of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)[(ii)]; *Commonwealth v. Blakeney*, 108 A.3d 739, 749 ([Pa.] 2014). [A PCRA petitioner] also must demonstrate that the issues included in his PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)-(b) (defining circumstances that lead to waiver and a finding that a claim is previously litigated).

*Commonwealth v. Crispell*, 193 A.3d 919, 927-28 (Pa. 2018).

Appellant's sole issue on appeal challenges the effectiveness of Trial Counsel. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit;

(2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id.* at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." *Id.* (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate

that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590.

Appellant argues that Trial Counsel was ineffective for failing to file a post-sentence motion to withdraw his guilty plea and that consequently, the PCRA court abused its discretion in dismissing his PCRA petition without a hearing. We disagree.

Appellant's challenge to the voluntariness of his guilty plea is not cognizable under the PCRA because he raised the claim on direct appeal. As this Court has explained, "[a] claim that has been previously litigated is not cognizable for collateral relief." *Commonwealth v. Roane*, 142 A.3d 79, 94 (Pa. Super. 2016) (citing 42 Pa.C.S.A. § 9544(a)(2)). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id*. (quotations and citation omitted).

Before a prior panel of this Court, Appellant argued that his plea was not knowing, voluntary, and intelligent because the trial court misinformed him of the elements of conspiracy to commit third-degree murder. *Commonwealth v. Norwood*, 319 EDA 2016 at 4 (Pa. Super. Jan. 12, 2017) (unpublished memorandum). In rejecting this claim, we explained:

> During the guilty plea hearing, the Commonwealth defined the elements of conspiracy to commit third[-]degree murder.
>
>> You are also pleading guilty to a charge of conspiracy to commit third-degree murder, and that, in this case, that means the Commonwealth has to prove beyond a reasonable doubt that you made some kind of an agreement with another person and took at least one step towards completing this agreement. In this case, the agreement to commit third-degree murder would mean that you, in essence, agreed with someone to commit at least serious bodily injury upon another person. In this case, that serious bodily injury resulted in someone's death.
>
> N.T. Guilty Plea, 10/9/2012, at 19. Conspiracy requires that the defendant have the intent of promoting or facilitating a crime and engaging in conduct which constitutes such crime. 18 Pa.C.S.A. § 903(a). In *Commonwealth v. Fisher*, 80 A.3d 1186 (Pa. 2013), our Supreme Court held that conspiracy to commit third degree was a cognizable offense and "if a defendant acts with his co-conspirators in brutally attacking the victim . . . but does not care whether the victim dies or not, he conspires to commit third degree murder." *Fisher*, 80 A.3d at 1195. As this factual scenario is practically identical to the description given to Appellant during his guilty plea colloquy, Appellant's claim fails.

*Id.* at 4-5.

Thus, Appellant challenged the voluntariness of his guilty plea on direct appeal, and we determined that Appellant entered a knowing, voluntary, and intelligent plea. *See id*. Our Supreme Court subsequently denied Appellant's

petition for allowance of appeal. We therefore conclude that Appellant previously litigated his challenge to the voluntariness of his guilty plea and this claim is not cognizable under the PCRA.

Because Appellant's challenge to the voluntariness of his guilty plea serves as the basis for his ineffective assistance of counsel claim, that claim must likewise fail. It is well-settled that "counsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1211 (Pa. 2006).

Finally, with respect to Appellant's argument that the PCRA court abused its discretion in dismissing his PCRA petition without a hearing, we acknowledge the following:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

As ***Wah*** states, the PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and without support in the record. Because this Court previously determined that Appellant's challenge to the

- 7 -

voluntariness of his guilty plea was without merit, we discern no abuse of discretion in the PCRA court's determination that Appellant's ineffective assistance of counsel claim, based on trial counsel's failure to challenge his guilty plea, was frivolous and did not warrant a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/20