J-S25012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                    : 
            v.                     : 
                                    : 
                                    : 
KEENAN MCMILLEN                 : 
                                    : 
            Appellant         :   No. 151 WDA 2022

Appeal from the PCRA Order Entered January 6, 2022
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000635-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:       **FILED: September 12, 2022**

Appellant, Keenan McMillen, appeals from the post-conviction court's January 6, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant contends that his trial counsel was ineffective for advising him to enter a guilty plea, resulting in Appellant's entering an unintelligent, unknowing, and/or involuntary plea. After careful review, we agree with Appellant. Thus, we reverse the PCRA court's order, vacate his judgment of sentence, and remand for further proceedings.

The facts underlying Appellant's convictions are not pertinent to our disposition of his present appeal. Appellant summarizes the procedural history of his case, as follows:[1]

> Appellant was charged with Aggravated Assault (F1) and related charges on November 27, 2019. Appellant asserted his innocence and intended to challenge his charges. Appellant made no admissions or confessions in this matter. Appellant was represented by Elk County Public Defender Gary Knaresboro, Esquire[,] at his preliminary hearing held December 4, 2019. Appellant elected to have a hearing to test the Commonwealth's case.
>
> At the preliminary hearing, the Commonwealth presented only hearsay testimony from the arresting officer without objection from Appellant's counsel. The [o]fficer merely repeated what the victim allegedly told him about the incident. Appellant's charges were held [for] court. Appellant was unhappy with his attorney and hired … Christopher Martini[, Esquire,] to challenge his case.
>
> While his case was pending, our Supreme Court announced **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020). **McClelland** held that the Commonwealth's use of hearsay evidence alone to establish [a] *prima facie* case at [a] preliminary hearing and to bind over [a] defendant['s charges] for trial violates due process and the right to confront witnesses under the state and federal constitution. **Id.** [(citing] Pa.R.Crim.P. 542[)].
>
> After this important decision, upon his counsel's advice, Appellant entered a [guilty] plea to Simple Assault (M2) and Recklessly Endangering [Another Person] (M2), which resulted in [a] 2-4 year sentence and a serious parole revocation. Appellant and his counsel were both unaware of the **McClelland** case at the time.
>
> After his sentencing, while incarcerated, Appellant was made aware of **McClelland**, **supra**, by a newspaper article. Appellant recognized the issue applied to his case and attempted to contact

---

[1] We note that the Commonwealth elected not to file an appellee's brief in this case, instead filing a letter stating that it is relying on the PCRA court's order and opinion filed on January 6, 2022. The court did not set forth a procedural history in its opinion and, thus, we rely on Appellant's recitation herein.

Attorney Martini.  Because he did not get assistance from Attorney Martini in this regard, on February 17, 2021, Appellant filed a *pro[]se* Petition for PCRA [r]elief[,] raising this singular[, **McClelland**] issue [and] seeking withdrawal of his plea. Undersigned counsel was appointed.  An [a]mended PCRA [petition] was filed raising this singular issue.  After a hearing on his PCRA [petition], the [c]ourt denied relief.

Appellant's Brief at 5-6.

Appellant filed a timely notice of appeal from the order denying his petition, and he also timely complied with the PCRA court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.   Herein, Appellant states one issue (with two sub-parts) for our review:

I.   Did the [PCRA c]ourt err by failing to find that trial counsel's failure to provide Appellant with his constitutionally guaranteed right to confrontation was ineffective [assistance] under both the **Strickland**[2] standard and the *per se* prejudice standard as follows:

   A. By failing to find that trial counsel's failure to file a Petition for Writ of *Habeas Corpus* deprived Appellant of his constitutionally guaranteed right to confrontation by permitting charges to be bound in through unconstitutional means at his preliminary hearing.

   B. By failing to find that Appellant's plea was involuntary because trial counsel incompetently advised him to enter a plea to charges which were bound in through unconstitutional means at his preliminary hearing.

*Id.* at 4.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's

---

[2] **Strickland v. Washington**, 466 U.S. 668 (1984).

determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [***Commonwealth v.***] ***Colavita***, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing ***Strickland***, ***supra***). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See*** [***Commonwealth v.***] ***Pierce***, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Simpson***, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. ***See Ali, supra***. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Colavita***, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

> ***Commonwealth v. King***, … 57 A.3d 607, 613 ([Pa.] 2012)
> (quotation, quotation marks, and citation omitted). "'[A]
> reasonable probability is a probability that is sufficient to
> undermine confidence in the outcome of the proceeding.'" ***Ali***, …
> 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, … 957 A.2d
> 237, 244 ([Pa.] 2008) (citing ***Strickland,*** 466 U.S. at 694….)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

Here, Appellant contends that his trial counsel, Attorney Martini, acted ineffectively by not advising Appellant that, in addition to pleading guilty or proceeding to trial, he had a third option of filing a petition for writ of *habeas corpus* based on ***McClelland***'s holding that hearsay evidence alone cannot establish a *prima facie* case at a preliminary hearing. ***See McClelland***, 233 A.3d at 734 (citing Pa.R.Crim.P. 542(E)) (disapproving of ***Commonwealth v. Ricker***, 120 A.3d 349, 357 (Pa. Super. 2015) (concluding that under Rule 542(E), hearsay evidence alone is sufficient to establish a *prima facie* case at the preliminary hearing)). Appellant contends that had he known about this third option of challenging his preliminary hearing under ***McClelland***, he would have opted to file a petition for writ of *habeas corpus* rather than pleading guilty. However, because Attorney Martini was unaware of ***McClelland***, he ineffectively advised Appellant to enter a guilty plea to "charges that were illegally bound over with incompetent evidence." Appellant's Brief at 8. Appellant insists that, due to his counsel's ineffectiveness, his plea was not knowing, intelligent, and/or voluntary.

Initially, we conclude that Appellant's underlying claim has arguable merit. The following facts are undisputed: (1) ***McClelland*** changed the law regarding the use of only hearsay evidence to prove a *prima facie* case at a

preliminary hearing; (2) the Commonwealth relied solely on the hearsay testimony of Trooper Palmer to establish a *prima facie* case and bind Appellant's charges for trial; (3) Attorney Martini did not discuss the applicability of **McClelland** with Appellant, or advise him of the option of filing a petition for writ of *habeas corpus* to challenge the sufficiency of the Commonwealth's evidence at the preliminary hearing under the rationale of **McClelland**. Thus, we discern arguable merit to Appellant's claim that he entered an unknowing and/or involuntary plea because he was unaware of the **McClelland** decision and possible implications thereof.

In regard to the reasonable-basis prong of the test for proving ineffectiveness, the PCRA court concluded that even had Attorney Martini known about **McClelland**, he "offered detailed and convincing testimony to establish the 'reasonable strategic basis' for his advice to [Appellant] to enter a guilty plea." **Id.** at 2 (unnumbered). The court could "find no short-coming in the effectiveness of [Attorney] Martini as it relates to the advice to enter into a guilty plea, considering the substantial risks involved in trial and the plea offer made by the Commonwealth." **Id.**

The court is correct that, at the PCRA hearing, Attorney Martini offered several reasons why he would not have filed a petition for writ of *habeas corpus*, even had he discovered **McClelland**. **See** PCRA Hearing, 9/29/21, at 31-32. However, counsel never discussed these reasons with Appellant, as counsel was unaware of the **McClelland** decision. Ultimately, the problem is that **Appellant was unaware of McClelland** and his option of filing a petition

for writ of *habeas corpus* rather than pleading guilty. Attorney Martini offered no explanation for his failure to discover **McClelland**. Thus, we cannot agree with the court that counsel had a reasonable basis for not knowing about that applicable decision and advising Appellant accordingly.

Concerning the prejudice prong of the ineffectiveness test, Appellant initially avers that we should apply a *per se* prejudice standard to his claim, in "that the deprivation of [his] right to confrontation acknowledged in **McClelland**[] is in and of itself sufficient prejudice requiring no further proof before reinstatement of this lost right is warranted." **Id.** Appellant acknowledges that "the recognized instances of *per se* ineffectiveness entitling a defendant to automatic relief are extremely narrow." **Id.** at 27. He also quotes our Supreme Court's pronouncement that "[i]t is well established that the decision whether to presume prejudice or to require an appellant to demonstrate actual prejudice 'turns on the magnitude of the deprivation of the right to effective assistance of counsel.'" **Id.** (quoting **Commonwealth v. Rosado**, 150 A.3d 425, 431 (Pa. 2016) (citation omitted)).

Here, Appellant has not demonstrated that the magnitude of the deprivation he alleges warrants a presumption of prejudice. Notably, Appellant fails to cite any case applying a presumption of prejudice to a claim that counsel's ineffectiveness deprived the defendant of his right to confront witnesses against him. Indeed, our Supreme Court has applied the traditional prejudice standard to such claims. **See**, **e.g.**, **Commonwealth v. Hanible**, 30 A.3d 426, 439, 443 (Pa. 2011) (articulating the three-prong **Strickland**

test for proving counsel's ineffectiveness before assessing Hanible's claims "that he was denied the right of confrontation" due to the alleged ineffectiveness of his counsel). Accordingly, we reject Appellant's argument that we must apply a *per se* prejudice standard to his claim of ineffectiveness.

However, Appellant alternatively claims he can meet his burden of proving prejudice because "Attorney Martini's ignorance of the criminal law resulted in erroneous advice and [caused] an unknowing and unintelligent decision by Appellant" to plead guilty. *Id.* at 8. Appellant insists that, had he "been fully informed as to his constitutional rights" as outlined in **McClelland**, he would not have pled guilty or elected to proceed to trial, but instead would have chosen "to file a Petition for Writ of *Habeas Corpus* to test his charges at a *prima facie* level." *Id.* Accordingly, Appellant claims that Attorney Martini acted ineffectively and he should be permitted to withdraw his plea and file a petition for writ of *habeas corpus*.

In rejecting Appellant's ineffectiveness claim, the PCRA court first noted that the representation of Appellant's preliminary hearing counsel, Gary Knaresboro, Esq., was terminated prior to **McClelland**'s being decided and, thus, Attorney Knaresboro could not be deemed ineffective for not predicting the change in the law from **Ricker** to **McClelland**. **See** PCRA Court Opinion, 1/3/22, at 1 (unnumbered). We agree.

Next, the PCRA court concluded that Attorney Martini did not act ineffectively by permitting Appellant to plead guilty. The court stressed that the preliminary hearing "was not defective when held." *Id.* It then evaluated

"whether [Attorney] Martini's representation fell short when he in fact failed to discover **McClelland** prior to the guilty plea and advise his client in that regard[,]" and whether Appellant had proven that 'but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different[.]'" **Id.** (quoting **Strickland**, **supra**). Notably, the court examined whether the result *of the preliminary hearing* would have been different, had counsel filed a petition for writ of *habeas corpus* and a new preliminary hearing been held. The court explained:

> [Appellant] relies on the suggestion that the witness, Christopher Yetzer, would not have appeared at any subsequent [preliminary hearing] or trial, and that with the protections of the developing law from **McClelland**, the "outcome of the proceedings would have been different." This simply is an unfounded leap of logic that this [c]ourt is not willing to make. The facts simply do not support it.
>
> The sole evidence on the subject demonstrates that the Commonwealth sought to bring Yetzer to the original [preliminary hearing], and attempted to subpoena him to that [h]earing. The subpoena could not be served and Yetzer failed to appear. That is the extent of the record. Any speculation or argument beyond that cannot be the foundation of a successful [p]etition [for writ of *habeas corpus*], without more. No evidence was presented of Yetzer's unavailability for the trial or for a subsequent [preliminary hearing]. If the testimony of Trooper Palmer is any indication, the testimony of Yetzer would have been sufficient to bind the case over after a **McClelland**-required [preliminary hearing], if one had been sought, and may have been sufficient to convict at trial if believed by the trier of fact. To simply suggest that failure of Yetzer to be served prior to the original [preliminary hearing] (when there was no real procedural need for him at that stage of the law before **McClelland**) would have meant his unavailability throughout, is simply not supported by the record.
>
> Accordingly, this Court, upon review of the [PCRA p]etition, and the evidence on the record, finds that [Attorney] Martini had a

"reasonable strategic basis" for encouraging the plea, and that had he discovered *McClelland* and advised his client to seek a new [preliminary hearing], there is no evidence that "there is a reasonable probability that the outcome of the proceedings would have been different."

*Id.* at 2-3 (unnumbered).

The court's analysis of Appellant's ineffectiveness claim is misplaced.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Moser*, *supra*.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Here, Appellant testified at the PCRA hearing that Attorney Martini gave him two choices: proceed to trial and potentially get a sentence of 10 to 20 years' incarceration, or plead guilty and receive a sentence of 2 to 4 years' incarceration, consecutive to any sentence he would receive for the parole violation that his pleading guilty would cause. *See* N.T. Hearing, 9/29/21 at 58-59. Appellant testified that he did not like the plea deal and wanted to "challenge the charges[,]" but he feared receiving a lengthier sentence if he went to trial. *Id.* at 58, 59. According to Appellant, he asked Attorney Martini to find out if the victim was refusing to cooperate or still "sticking by his story[,]" but Attorney Martini refused, claiming "it was a conflict of interest"

- 10 -

for him to contact the victim. *Id.* at 59, 60. After multiple conversations, Appellant decided to plead guilty. *Id.* at 60. When asked if he would have pled guilty had he "known that there was actually a third option, which would be to get back to the preliminary hearing [stage] and force the [victim] to testify under oath so [his] attorney could confront him and the case," Appellant answered, "That's what I would have chosen to do absolutely." *Id.* at 61. In response to the question of whether he felt he entered his plea knowingly, Appellant stated: "I don't feel like I had all the information at the time. … I know now that there were other options. At the time, … everything that [counsel] told me [indicated that] the only choice I had was to take the plea or lose at trial." *Id.* at 61-62.

We conclude that Attorney Martini's failure to discover **McClelland** and advise Appellant about his option to file a petition for writ of *habeas corpus* challenging the adequacy of the hearsay evidence offered at his preliminary hearing was not "within the range of competence demanded of attorneys in criminal cases." **Moser**, 921 A.2d at 531. The fact that Appellant was forced to decide whether to enter a guilty plea without this pertinent information rendered his plea unknowing and/or involuntary. Appellant's testimony demonstrated that, but for counsel's failure to advise him about **McClelland**, he would not have pled guilty. Accordingly, he has established that he was prejudiced by Attorney Martini's deficient representation. Therefore, we reverse the PCRA court's order denying his petition, and vacate his judgment of sentence. We remand for the court to appoint Appellant new counsel who

shall advise him about **McClelland** and permit Appellant to decide if he wishes to file a petition for writ of *habeas corpus* challenging the sufficiency of the evidence presented at his preliminary hearing.

Order reversed. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/12/2022